**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**WEST EDUCATIONAL LEASING, INC.,
d/b/a PCMI WEST**
a Michigan Corporation,

      Plaintiff,

Case No. _____

HON. _____

v.

**FRONTLINE PLACEMENT
TECHNOLOGIES, INC.**
a Pennsylvania Corporation,

      Defendant.

---

Toni L. Harris  (P-63111)
Fraser Trebilcock Davis & Dunlap, P.C.
124 West Allegan Street – Suite 1000
Lansing, Michigan 48933
(517) 482-5800 –  Telephone
(517) 482-0887 – Facsimile
tharris@fraserlawfirm.com
Attorneys for Plaintiff

---

## COMPLAINT AND JURY DEMAND

      Plaintiff, West Educational Leasing, Inc., d/b/a PCMI West ("PCMI"), by and through its attorneys, Fraser Trebilcock Davis & Dunlap, P.C., states the following for its Complaint against Defendant Frontline Placement Technologies, Inc. ("Frontline"):

## PARTIES

      1.    Plaintiff PCMI is a Michigan corporation having a principal place of business in Portland, Michigan.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

2.Plaintiff PCMI is in the business of providing services, technologies and resources relating to contract employment.

3.On or about July 29, 2009, Plaintiff PCMI purchased the assets of PMP Education Partners, Inc. and PMP WillSub, LLC, including certain technology ("WillSub System").

4.Upon information and belief, Defendant Frontline Placement Technologies, Inc. f/k/a Frontline Data, Inc. ("Frontline"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 5 Great Valley Parkway, Suite 150, Malvern, Pennsylvania 19355.

5.Upon information and belief, Defendant Frontline is in the business of providing AESOP, a substitute placement service.

6.Upon information and belief, Defendant Frontline is the assignee of United States Patents 6,334,133 ("'133 Patent"), the 6,675,151 ("'151 Patent") and 7,430,519 ("'519 Patent") (collectively "Frontline Patents").

## JURISDICTION AND VENUE

7.This action for declaratory judgment of noninfringement arises under the Patent Laws of the United States, including but not limited to 35 U.S.C. § 271 *et seq*.

8.This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. In addition, the Court has jurisdiction pursuant to 28 U.S.C. § 2201 to declare the rights of the parties with respect to an actual controversy.

9.Defendant Frontline currently and regularly conducts business in the State of Michigan with customers using its AESOP service via the World Wide Web at http://www.frontlineplacement.com/education, including school districts within this District.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

10. Defendant Frontline carries on a continuous and systematic part of its business in the State of Michigan and within this District.

11. This Court has general *in personam* jurisdiction over Defendant Frontline in this cause.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

13. Plaintiff PCMI received a cease and desist letter dated September 29, 2009 from counsel for Defendant Frontline relating to the WillSub System. (Exhibit A.)

14. Defendant Frontline unjustifiably accuses Plaintiff PCMI of patent infringement relating to the WillSub System.

15. Plaintiff PCMI denies all putative claims asserted by Defendant Frontline and seeks a declaration of its rights relative to the prospective claims threatened by Frontline.

16. An actual and justiciable controversy has arisen and now exists by and between Defendant Frontline and Plaintiff PCMI concerning whether PCMI infringes any of the Frontline Patents.

17. A declaratory judgment is necessary in that Plaintiff PCMI contends and Defendant Frontline denies that the WillSub System does not infringe any valid claim of any patent owned by Frontline.

## **GENERAL ALLEGATIONS**

18. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

### A.   Frontline Patents

19. The '133 Patent, titled "System and Method for Performing Substitute Fulfillment", was filed on December 21, 1998 and issued on December 25, 2001. (Exhibit B.)

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

20. The '151 Patent, titled "System and Method for Performing Substitute Fulfillment Information Compilation and Notification", was filed on October 15, 1999 as a continuation-in-part of the '133 Patent and issued on January 6, 2001. A Reexamination Certificate issued on October 20, 2009, narrowing the claims of the '151 Patent. (Exhibit C.)

21. The '519 Patent, titled "Substitute Fulfillment System", was filed on November 16, 2001 as a continuation-in-part of the '133 Patent and a continuation-in-part of the '151 Patent and issued on September 30, 2008.  (Exhibit D.)

### B.     Frontline Patent Infringement Lawsuits

22. On or about February 10, 2004, Defendant Frontline filed a lawsuit against Computer Software Innovations, Inc. in the District of Arizona, Case No. 4:04-cv-66, asserting claims for patent infringement.  On December 21, 2005, the District Court entered an Order dismissing the case without prejudice.

23. On or about February 10, 2004, Defendant Frontline filed a lawsuit against Substitute Personnel Solutions, Inc. in the Eastern District of Pennsylvania, Case No. 2:04-cv-568, asserting claims for patent infringement of the '151 Patent.  On August 27, 2004, the District Court entered an Order dismissing the case with prejudice based on the parties' settlement of all claims.

24. On or about February 10, 2004, Defendant Frontline filed a lawsuit against Eschool Solutions, Inc. in the Eastern District of Pennsylvania, Case No. 2:04-cv-569, asserting a sole claim for patent infringement of the '151 Patent.  On April 26, 2005, the parties filed a Stipulation of Dismissal with prejudice based on their settlement of all claims.

25. On or about February 10, 2004, Defendant Frontline filed a lawsuit against CRS, Inc. in the Eastern District of Pennsylvania, Case No. 2:04-cv-570, asserting a sole

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

claim for patent infringement of the '151 Patent. On November 8, 2004, the parties filed a Stipulation of Dismissal without prejudice based on their settlement of all claims.

26. On or about June 18, 2007, Defendant Frontline filed a lawsuit against CRS, Inc. in the Eastern District of Pennsylvania, Case No. 2:07-cv-2457, again asserting a sole claim for patent infringement of the '151 Patent. The case was stayed pending reexamination of the '151 Patent. On or about January 8, 2010, the case was transferred to the active docket. On January 15, 2010, Defendant Frontline filed an Amended Complaint asserting claims for breach of contract and infringement of the '151 Patent and the '519 Patent.

27. On or about July 10, 2007, Defendant Frontline filed a lawsuit against Trendworx, Inc. in the Eastern District of Pennsylvania, Case No. 2:07-cv-2831, asserting a sole claim for patent infringement of the '151 Patent.

28. On or about August 9, 2007, a third party requested a reexamination of the '151 Patent based on related prior art.

29. On October 24, 2007, the United States Patent and Trademark Office ("USPTO") granted the reexamination request.

30. On November 6, 2007, Defendant Frontline filed a Voluntary Dismissal of the case against Trendworx, Inc.

31. On November 13, 2007, Defendant Frontline filed a lawsuit against PMP Willsub, LLC, PMP Education Partners, Inc., Professional Medical Placement, Inc., d/b/a PMP Corporation, and Millennium Data Services, Inc., d/b/a Willsub.com, Case No. 2:07-cv-14872, asserting that the WillSub System infringes the '151 Patent ("WillSub Litigation").

32. On May 5, 2008, the WillSub Litigation was stayed by stipulation of the parties pending re-examination of the '151 Patent, and closed for statistical purposes.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

4

33. On October 20, 2009, a Reexamination Certificate was issued on the '151 Patent, narrowing the claims to avoid prior art.

### C. The WillSub System

34. The WillSub System is a web-based service that receives notification of an impending absent employee, identifies qualified resources approved to fill the absence, and makes the position available to only those approved resources who can then choose to accept or decline the position, or do nothing.

35. The WillSub System allows more than one approved resource to accept the same position.

36. The WillSub System allows an approved resource to accept more than one position.

37. In the WillSub System, the first approved resource to accept a position is assigned to that position and all other accepting resources receive feedback that the position is no longer available.

38. In the WillSub System, if the assigned resource accepted more than one position for the same time frame while awaiting feedback, all other acceptances submitted by that resource for the same time frame are withdrawn.

39. The WillSub System does not include a plurality of local processors that are remote from a central server, with each local processor being coupled with a separate local database including worker records and substitute records.

40. The WillSub System does not maintain records on a central database in parallel with corresponding records on a local database and does not periodically update records on the local and central databases in response to data changes in either database.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

41. The WillSub System does not identify or secure substitute workers as described in the '133 Patent.

42. The WillSub System does not download software to a plurality of local processors, each being associated with an organization.

43. The WillSub System does not maintain and periodically update records on a central database in parallel with a local database associated with an organization.

44. The WillSub System does not post positions to unapproved resources for acceptance.

45. The WillSub System does not secure, as the term is used and described in the '151 Patent, a posted position in response to receiving an acceptance.

46. The WillSub System does not secure, as the term is used and described in the '519 Patent, a position in response to receiving an acceptance.

47. Plaintiff PCMI has compared the claims of the Frontline Patents with the WillSub System and has concluded that no properly interpreted, valid and enforceable claim of the Frontline Patents reads on the WillSub System or any device or system manufactured, used, offered for sale, sold or imported by Plaintiff PCMI, currently or in the past.

48. Plaintiff PCMI denies any infringement of the Frontline Patents.

## COUNT I

### DECLARATION OF NON-INFRINGEMENT OF '133 PATENT

49. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

50. Upon information and belief, Frontline is the owner of the '133 Patent.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

51. An actual controversy exists between the parties as to whether the WillSub System infringes the '133 Patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

52. Plaintiff has not infringed and is not infringing the '133 patent, either directly or indirectly, and has not violated 35 U.S.C. § 271 or any other applicable provision of law.

53. Plaintiff is entitled to a declaratory judgment that it has not infringed and is not infringing the '133 patent, directly or indirectly.

## COUNT II

### DECLARATION OF NON-INFRINGEMENT OF '151 PATENT

54. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

55. Upon information and belief, Frontline is the owner of the '151 Patent.

56. An actual controversy exists between the parties as to whether the WillSub System infringes the '151 Patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

57. Plaintiff has not infringed and is not infringing the '151 patent, either directly or indirectly, and has not violated 35 U.S.C. § 271 or any other applicable provision of law.

58. Plaintiff is entitled to a declaratory judgment that it has not infringed and is not infringing the '151 patent, directly or indirectly.

## COUNT III

### DECLARATION OF NON-INFRINGEMENT OF '519 PATENT

59. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

60. Upon information and belief, Frontline is the owner of the '519 Patent.

61. An actual controversy exists between the parties as to whether the WillSub System infringes the '519 Patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

62. Plaintiff has not infringed and is not infringing the '519 patent, either directly or indirectly, and has not violated 35 U.S.C. § 271 or any other applicable provision of law.

63. Plaintiff is entitled to a declaratory judgment that it has not infringed and is not infringing the '519 patent, directly or indirectly.

**WHEREFORE**, Plaintiff PCMI respectfully requests that this Honorable Court enter a judgment declaring the parties' rights relative to the matters set forth in paragraphs (a) through (d), below, awarding Plaintiff's costs, attorney fees and such other relief as the Court deems necessary and just, and declare that:

(a) Plaintiff PCMI has not infringed and is not infringing the '133 Patent, directly or indirectly;

(b) Plaintiff PCMI has not infringed and is not infringing the '151 Patent, directly or indirectly;

(c) Plaintiff PCMI has not infringed and is not infringing the '519 Patent, directly or indirectly;

(d) Plaintiff PCMI is entitled to such other and further relief as the Court deems appropriate and just.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

8

          *Respectfully submitted*,

          FRASER TREBILCOCK DAVIS & DUNLAP, P.C.
          Attorneys for Plaintiff

February 26, 2010      By: _____/s/ Toni L. Harris_____
           Toni L. Harris
           124 West Allegan Street
           Suite 1000
           Lansing, Michigan 48933
           (517) 482-5800 –  Telephone
           (517) 482-0887 – Facsimile
           tharris@fraserlawfirm.com

FRASER TREBILCOCK DAVIS & DUNLAP, P.C.
LAWYERS
LANSING, MICHIGAN 48933

## JURY DEMAND

Plaintiff West Educational Leasing, Inc. d/b/a/ PCMI West, by and through its undersigned attorneys and, pursuant to Fed. R. Civ. P. 38, demands a trial by jury of all issues properly triable to a jury.

*Respectfully submitted*,

FRASER TREBILCOCK DAVIS & DUNLAP, P.C.
Attorneys for Plaintiff

February 26, 2010        By:      /s/ Toni L. Harris
                                   Toni L. Harris
                                   124 West Allegan Street
                                   Suite 1000
                                   Lansing, Michigan 48933
                                   (517) 482-5800 –  Telephone
                                   (517) 482-0887 – Facsimile
                                   tharris@fraserlawfirm.com